**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| RAMIRO PULIDO-ZEPEDA, | § | |
| Fed. Reg. No. 08273-280, | § | |
|     Movant, | § | |
| | § | EP-09-CV-0165-KC |
| v. | § | EP-07-CR-2147-KC-1 |
| | § | |
| UNITED STATES OF AMERICA, | § | |
|     Respondent. | § | |

## MEMORANDUM ORDER OVERRULING OBJECTIONS AND ACCEPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Movant Ramiro Pulido-Zepeda ("Pulido") seeks relief from the ninety-six-month sentence imposed by the Court after he pleaded guilty to unlawfully reentering the United States after his removal. In his amended *pro se* motion to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255 [ECF No. 40][1] and in his motion to amend [ECF No. 45], Pulido asserts his trial counsel provided ineffective assistance when she did not (1) object to the remoteness of Pulido's 1991 Illinois conviction for possession of a controlled substance with the intent to deliver, which the Court used to enhance his offense level under Sentencing Guideline § 2L1.2[2] and determine his criminal history category under Sentencing Guideline § 4A1.1,[3] and (2) object to the use of the Illinois conviction as a basis to enhance his offense level under Sentencing Guideline § 2L1.2 because, according to Pulido, the conviction did not qualify as a drug trafficking offense. In its response to Pulido's motion [ECF No. 43], Respondent United States of America ("the Government") opines Pulido's claims are meritless and should be denied. In his reply [ECM No. 46], Pulido argues his attorney's "affidavit only highlights the fact that she should

---

[1] "ECF No." in this context refers to the Electronic Case Filing number for documents docketed in EP-07-CR-2147-KC-1.

[2] *See* U.S. SENTENCING GUIDELINES MANUAL § 2L1.2(b)(1)(A)(i) (2007) ("If the defendant previously was deported . . . after . . . a conviction for a felony that is . . . a drug trafficking offense for which the sentence imposed exceeded 13 months . . . increase [the base offense level] by 16 levels.").

[3] *See id* § 4A1.1(e)(1) ("Add 3 points for each prior sentence of imprisonment exceeding one year and one month.").

have done more to prevent the [G]overnment and the [C]ourt [from] impermisibly [sic] use[ing] the 1991 State of Illinois conviction."[4]

The United States Magistrate Judge to whom this matter was referred issued a report and recommendation [ECF No. 50].[5] In the report, the Magistrate Judge recommends that the Court deny Pulido's motion. The Magistrate Judge reasons that the application note for Sentencing Guideline § 2L1.2(b)(1)(A) specifically provides that a prior conviction may be used to enhance an offence level "without regard to the date of the conviction."[6] Further, the Magistrate Judge explains that because state authorities released Pulido from prison within fifteen years of his instant offense, "his prior [four-year] sentence counts as one which occurred within the fifteen year time period contemplated in the second sentence of Sentencing Guideline § 4A1.2(e)(1)"[7] for the purposes of determining his criminal history category. Finally, the Magistrate Judge finds that the Illinois conviction qualifies as a felony drug trafficking offense punishable under the federal Controlled Substances Act:

> On October 4, 1991, Zepeda pleaded guilty to possession of a controlled substance with intent to deliver in violation of then Chapter 56-1/2 Section 1401(c)(2) of the Illinois Revised Statutes 1989, as amended. He was sentenced to four years of incarceration. Basically, Zepeda argues that there is an ambiguity regarding his conviction, as the conviction does not ". . . 'unequivocally' establish

---

[4] Reply 2.

[5] *See* 28 U.S.C.A § 636(b)(1)(B) (West 2011) (permitting a district court, on its own motion, to refer a pending matter to a United States Magistrate Judge for a report and recommendation); 28 U.S.C.A. § 2255 PROC. R. 8(b) (West 2011) ("A judge may, under 28 U.S.C. § 636(b), refer the motion to a magistrate judge to conduct hearings and to file proposed findings of fact and recommendations for disposition.").

[6] Report and Recommendation 6-7 (quoting U.S. SENTENCING GUIDELINES MANUAL § 2L1.2 cmt. n.1(B)(vii)).

[7] *Id.* at 8 (citing SENTENCING GUIDELINES MANUAL § 4A1.2(e)(1) ("Any prior sentence of imprisonment exceeding one year and one month that was imposed within fifteen years of the defendant's commencement of the instant offense is counted. Also count any prior sentence of imprisonment exceeding one year and one month, whenever imposed, that resulted in the defendant being incarcerated during any part of such fifteen-year period.").

that Movant's 1991 Illinois conviction was for a drug-trafficking offense as defined in § 2L1.2."

Then Section 1401(c)(2) Chapter 56-1/2 of the Illinois Revised Statutes provided, in relevant part, "[I]t is unlawful for any person knowingly to manufacture or deliver, or possess with the intent to manufacture or deliver, a controlled or counterfeit substance . . ."

This section of the code did not define or include simple possession offenses. Additionally, Zepeda was sentenced to four years of imprisonment, which is within the range of possible penalties for a Class I felony (four to fifteen years of imprisonment). A conviction for simple possession in Illinois carries a maximum prison term of only three years. It is clear that Zepeda was convicted of a drug offense with intent to deliver, not mere possession.[8]

Accordingly, the Magistrate Judge concludes that Pulido's attorney did not provide ineffective assistance. "Although Zepeda may be unhappy with his sentence, he cannot show that (1) his attorney's actions fell below an objective standard of reasonableness and (2) her purported ineffective assistance prejudiced his cause."[9]

The Magistrate Judge gave Pulido fourteen days to file written objections to his proposed findings, conclusions, and recommendations.[10] A party who files timely written objections to a magistrate judge's report is entitled to a "de novo" review of those portions of the report to which the party objects.[11] The objections must specifically identify those findings or recommendations which the

---

[8] *Id.* at 8-9 (citations omitted).

[9] *Id.* at 9.

[10] *See* 28 U.S.C.A. § 636(b)(1) ("Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court."); FED. R. CIV. P. 72(b)(2) ("Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.").

[11] *See* 28 U.S.C.A. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); FED. R. CIV. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.").

party wishes the Court to consider.[12] The Court need not, however, consider "'frivolous, conclusive, or general objections.'"[13] As to the other portions of the report, or if a party does not file written objections, the Court applies a "clearly erroneous, abuse of discretion and contrary to law" standard of review.[14] After completing its review, the Court may accept, reject, or modify the report, in whole or in part.[15]

Pulido makes two objections to the report and raises one new issue [ECF No. 52]. First, he continues to maintain that "the District Court's use of his 1991 State of Illinois conviction to enhance his sentence is impermissible for being over 18-years old."[16] Next, relying on *Lopez v. Gonzalez*,[17] he argues that while his conviction for possession of a controlled substance with the intent to deliver, in violation of then Chapter 56-1/2 Section 1401(c)(2) of the Illinois Revised Statutes 1989, as amended, may have been a felony under state law, it was not a felony punishable under the federal Controlled Substances

---

[12] *See* W.D. Tex. Local R. App. C, Rule 4(b) ("Assignment of Duties to United States Magistrate Judges") ("[W]ritten objections . . . shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.").

[13] *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987) ("'[P]arties filing objections must specifically identify those findings objected to. Frivolous, conclusive or general objections need not be considered by the district court.'") (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc)).

[14] *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) ("[T]he 'clearly erroneous, abuse of discretion and contrary to law' standard of review . . . is appropriate . . . where there has been no objection to the magistrate's ruling.").

[15] *See* 28 U.S.C.A. § 636(b)(1)(C) ("A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions."); FED. R. CIV. P. 72(b) ("The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.").

[16] Objections 4.

[17] 549 U.S. 47, 60 (2006) ("[A] state offense constitutes a 'felony punishable under the Controlled Substances Act' only if it proscribes conduct punishable as a felony under that federal law.")

Act. "As Movant asserted throughout his pleadings, in 1991 he plead [sic] guilty to possessing cocaine for personal use, which did not amount to more than 3-grams, thus not punishable under the [Controlled Substances Act].[18] Accordingly, he argues his counsel erred when she failed to object to the use of the conviction as the basis for enhancing his offense level and to calculating his criminal history category. Finally, Pulido claims, for the first time, that his counsel provided ineffective assistance when she did not pursue a reduced sentence under a "fast track" program.

The Magistrate Judge correctly explained in his report that the application note for Sentencing Guideline § 2L1.2(b)(1)(A) specifically provides a prior conviction may be used to enhance an offence level "without regard to the date of the conviction."[19] Further, the Magistrate Judge correctly explained that because state authorities released Pulido from prison within fifteen years of his instant offense, "his prior sentence counts as one which occurred within the fifteen year time period contemplated in the second sentence of Sentencing Guideline § 4A1.2(e)(1)"[20] The Magistrate Judge also correctly explained "[i]t is clear that Zepeda was convicted of a drug offense with intent to deliver, not mere possession" and was, therefore, convicted for a drug trafficking felony punishable under the federal Controlled Substances Act.[21] Finally, the Court notes the El Paso Division of the Western District of Texas does not

---

[18] Objections 6.

[19] Report and Recommendation 6-7 (quoting U.S. SENTENCING GUIDELINES MANUAL § 2L1.2 cmt. n.1(B)(vii)).

[20] *Id.* at 8 (citing SENTENCING GUIDELINES MANUAL § 4A1.2(e)(1)).

[21] *Id.* at 9 (citing *United States v. Jackson*, 103 F.3d 561, 571 (7th Cir. 1996) ("'Section 1401(c)(2) Chapter 56 ½ of the Illinois Revised Statutes' (current version at 720 Ill.Comp.Stat. 570/401 (West 1992)), which provides in relevant part: '[I]t is unlawful for any person knowingly to manufacture or deliver, or possess with intent to manufacture or deliver, a controlled or counterfeit substance. . . .' (emphasis added). This section of the Illinois code does not define or include simple possession offenses. Moreover, the judgment order indicates that Jackson was sentenced to four years' imprisonment, which is within the range of possible penalties for a Class 1 felony (four to fifteen years' imprisonment). A conviction for simple possession in Illinois carries

offer a "fast-track" program that would have made Pulido eligible for a more lenient sentence.[22]

Thus, Pulido cannot overcome the "strong presumption that [his] counsel's conduct [fell] within the wide range of reasonable professional assistance" or "show that there is a reasonable probability that, but for [his] counsel's unprofessional errors, the result of the proceeding would have been different."[23] Accordingly, the Court will overrule his objections and accept the report and recommendation of the Magistrate Judge. Additionally, the Court will deny Pulido a certificate of appealability.

A petitioner may not appeal a final order in a habeas corpus proceeding "[u]nless a circuit justice or judge issues a certificate of appealability."[24] Further, appellate review of a habeas petition is limited to the issues on which a certificate of appealability is granted.[25] In other words, a certificate of appealability is granted or denied on an issue-by-issue basis, thereby limiting appellate review solely to those issues on which a certificate of appealability is granted.[26] Although Pulido has not yet filed a notice

---

a maximum prison term of only three years.").

[22] *United States v. Flores-Prieto*, 2011 WL 833264 at *1 (5th Cir. 2011) (unpub. op.). *See also Fraire-Gonzalez v. United States*, EP-06-CR-1701-KC, EP-08-CV-0325, 2010 WL 3928535 at *5 (W.D. Tex. 2010) (unpub. op.) ("The Fifth Circuit has rejected Fraire's 'fast-track' argument, holding that 'any disparity in sentencing between fast-track and non-fast-track jurisdictions is a function of Congressional policy and thus is not 'unwarranted' under § 3553(a)(6).' 'Congress gave the Attorney General the discretion to establish programs where he thinks they are needed.' Further, there is no equal protection violation 'because the fast-track program does not implicate either a suspect class or a fundamental right.' Accordingly, counsel's failure to make the argument was reasonable, considering all the circumstances at the time of counsel's conduct, and Fraire is not entitled to relief on this claim.") (citations omitted).

[23] *Strickland v. Washington*, 466 U.S. 668, 689, 694 (1984).

[24] 28 U.S.C.A. § 2253(c)(1)(B) (West 2011).

[25] *See Lackey v. Johnson*, 116 F.3d 149, 151 (5th Cir. 1997) (holding that, in regard to the denial of relief in habeas corpus actions, the scope of appellate review is limited to the issues on which a certificate of appealability is granted).

[26] *See* 28 U.S.C.A. § 2253(c)(3) (setting forth the narrow scope of appellate review in habeas corpus matters); *see also Lackey*, 116 F.3d at 151 (holding that a certificate of appealability is granted on an issue-by-issue basis, thereby limiting appellate review to those issues); *but see*

of appeal, this Court nonetheless must address whether he is entitled to a certificate of appealability.[27]

A certificate of appealability "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."[28] In cases where a district court rejects a petitioner's constitutional claims on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."[29] To warrant a grant of the certificate as to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."[30] Here, Pulido's motion fails because he has not made a substantial showing of the denial of a constitutional right. Accordingly, the Court finds that it should deny Pulido a certificate of appealability.

Therefore, after due consideration, the Court enters the following orders:

1. The Court **OVERRULES** Movant Ramiro Pulido-Zepeda's objections to the Magistrate Judge's report and recommendation [ECM No. 52].

2. The Court **ACCEPTS** the Magistrate Judge's report and recommendation [ECM No. 50].

---

*United States v. Kimler*, 150 F.3d 429, 431 & n.1 (5th Cir. 1998) (explaining that the Fifth Circuit may address an issue not certified by the district court if the movant makes (1) an explicit request and (2) a substantial showing of the denial of a constitutional right).

[27] *See* 28 U.S.C.A. § 2255 PROC. R. 11(a) (West 2011) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.").

[28] 28 U.S.C.A. § 2253(c)(2).

[29] *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (applying *Slack* to a certificate of appealability determination in the context of § 2255 proceedings).

[30] *Slack*, 529 U.S. at 484.

3. The Court **DENIES** Movant Ramiro Pulido-Zepeda's amended motion to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255 [ECM No. 40] and **DISMISSES** his civil cause **WITH PREJUDICE**.

4. The Court **DENIES** Movant Ramiro Pulido-Zepeda a **CERTIFICATE OF APPEALABILITY**.

5. The Court **DENIES** all pending motions, if any, as moot.

**SIGNED** on this 2nd **day of July, 2011**.

_____
**KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE**